# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Linda Brentar, Individually and as Executrix of the Estate of George Brentar | : : : | Case No. 1:09CV2685 |
| Plaintiffs, | : : : | Judge Kathleen M. O'Malley |
| v. | : : | Magistrate Judge David S. Perelman |
| Ford Motor Company, et al., | : : : : | **REPORT AND RECOMMENDED DECISION** |
| Defendants. | : | |

      This action is before the court upon the motion of Plaintiffs Linda Brentar, Individually and as Executrix of the Estate of George Brentar, to remand this case to the Cuyahoga County Common Pleas Court based upon failure of diversity, as well as the motion of the defendant Statewide Ford Lincoln-Mercury, Inc. ("Statewide") to dismiss all claims against it with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the allegations fail to state a claim upon which relief may be granted. Clearly, if the former motion is granted, then jurisdiction would be lacking for a ruling on the latter.

      Approximately three weeks ago, Your Honor issued an opinion in Jenkins v. Central Transport, Inc., Case No. 09CV0525, 2010 U.S.Dist. LEXIS 7739 (N.Dist. January 29, 2010), addressing comparable motions premised upon the same arguments, albeit with different facts.

      In the present case, the plaintiffs (residents of Ohio) originally filed on October 5, 2009 a

1

complaint against defendants Ford Motor Company ("Ford") (a Delaware corporation with its principal place of business in Dearborn, Michigan) and Statewide (an Ohio corporation with its principal place of business in Ohio) in the Cuyahoga County Common Pleas Court for injuries to Mr. George Brentar resulting in his death, which plaintiffs claim were sustained as a direct result of his use of a 2007 Ford Crown Victoria Police Interceptor ("CVPI") designed, manufactured, supplied and/or sold by the defendants. Mr. Brentar, while employed as a police officer for the City of Euclid on October 10, 2007, was involved in a fatal accident while driving the above-referenced vehicle. Plaintiffs alleged negligence, loss of consortium and product liability claims under the Ohio Product Liability Act ("OPLA"), Ohio Revised Code § 2307.73. According to the plaintiffs, Statewide "supplied, marketed, and sold the 2007 Ford CVPI to the City of Euclid, Cuyahoga County[,]" in contravention of Ohio Revised Code § 2307.78.

On November 17, 2009, the defendants filed a notice of removal to this federal court, alleging that even though plaintiffs and Statewide are residents of Ohio diversity jurisdiction can nonetheless be found under 28 U.S.C. §1332(c)(1), in light of the fact that Statewide was fraudulently joined solely in order to defeat federal court jurisdiction. The parties agree that with Statewide in the case there would be incomplete diversity, as the plaintiffs and one of the defendants would be residents of the same state.

On December 30, 2009, the plaintiffs filed their motion to remand, alleging that Statewide was properly joined due to the fact that they have "alleged sufficient facts [against Statewide] to state a cause of action under the Ohio Products Liability Act, Ohio Revised Code §2307.78(A)(2)."

As was the case in Jenkins, diversity jurisdiction can only be found, in order to support removal, if Statewide was fraudulently joined, that is, if there is no colorable cause of action

articulated against Statewide.  In <u>Jenkins</u> Your Honor set forth the standard of review to be applied as follows:

> Diversity jurisdiction only exists if all of the parties on one side of an action have different citizenship than all of the parties on the other side of the action. *See Coyne v. Am. Tobacco Co., 1833 F.3d 488, 492 (6th Cir. 1999)* (citations omitted).  If the parties are not completely diverse, removal is improper and a court should order remand.  However, a plaintiff cannot join a non-diverse defendant against whom he has no real possibility of recovery simply in order to avoid federal jurisdiction.  *Id. at 493 (*citing *Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994).*  "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Id.*  The burden of proving fraudulent joinder is upon the moving party.  *Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)* (citations omitted).
>
> To prove fraudulent joinder, the removing party must show that there is no "reasonable basis" upon which liability may be imposed upon the non-diverse party. *Alexander*, *13 F.3d at 949; Stanley v. Deluxe Fin. Servs. Inc., No. 1:08CV2149, 2009 U.S.Dist. LEXIS 28124, 2009 WL 929029, at \*2 (N.D.Ohio Apr. 2, 2009).*  The removing party must show that either "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander*, *13 F.3d at 949*.  The Sixth Circuit has recognized that "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [a court] must remand the action to state court." *Id.*  In deciding whether a colorable claim exists, a Court must resolve "all disputed questions of fact and ambiguities in the...state law" in favor of the non-removing party. *Id.*  Indeed, the fraudulent joinder standard is even more deferential to a plaintiff than the standard applicable to a motion to dismiss under *Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Leikin Oldsmobile, Inc. v. Sentry Select Ins. Co., No. 1:08CV1695, 2008 U.S.Dist. LEXIS 84834, 2008 WL 4686170, at \*2 (N.D.Ohio Oct. 22, 2008); Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 845-46 (S.D.Ohio 2002).*  Whether or not a claim actually exists is a question more properly submitted to the court with subject matter jurisdiction; this Court's task is to decide only whether there is some possibility that Plaintiff could have a claim against Defendant John Matthews under state law, and any doubts must be resolved in favor of remand. *Coyne, 183 F.3d at 493.*

The parties may submit evidence in support of their respective positions on the fraudulent joinder claims, including affidavit testimony, as Your Honor decided in <u>King v. Centerpulse Orthopedics, Inc.</u>, Case No. 1:05CV1318, 2006 U.S.Dist. LEXIS 7028, * 4-5 (N.Dist.OH 2006). Ohio Revised Code § 2307.78(A) states that:

> [A] supplier is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, that either of the following applies:
>
> (1) The supplier in question was negligent and that, negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages;
>
> (2) The product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages.

In the present case the plaintiffs have alleged in Count V of the complaint that Statewide is a "supplier" of the CVPI which is the subject of the complaint, as defined in Ohio Revised Code § 2307.71, et seq. Paragraph 29 of the complaint alleges:

> 29. Defendants [sic] Statewide is liable as a supplier under § 2307.78, upon information and belief, as they were negligent and that negligence was a proximate cause of harm for which the Plaintiffs seek to recover compensatory damages. The product in question did not conform, when it left control of Statewide to a representation made by Statewide, and that representation and the failure to conform to it was a proximate cause of harm for which the Plaintiffs seek to recover compensatory damages regardless of whether the Defendants acted fraudulently, recklessly or negligently in making the representation.

It is important to note that the plaintiffs' allegations are that Statewide is liable as a supplier under either subsection (A)(1) for negligent acts, or under subsection (A)(2) for a "representation

4

and the failure to conform to it."

In support of their motion to remand, the plaintiffs argue that they have stated at least a colorable claim of negligence against Statewide as a supplier, as a consequence of an alleged failure to inform the plaintiffs' employer of known defects to the CVPI, which they claim resulted in the injuries which caused Officer Brentar's death. In support of those claims, plaintiffs offer the affidavit statements of Mr. Bradley M. Lakin, an attorney representing the Brentars, who states that he has familiarity "with issues surrounding the design of the Crown Victoria Police Interceptor as it relates to its crashworthiness in rear end collisions." Mr. Lakin also provides supporting documentation for some of his allegations, including documents showing that as early as October of 2001 Ford sent out a bulletin to all of its dealers, and to more than 18,000 police fleets, informing of defects causing rear-end collisions which, in turn, resulted in fuel fed fires. Those fires prompted Ford to offer a Kevlar trunk pack as an option to its customers through dealers, including Statewide.

According to Mr. Lakin, in October of 2002 Ford notified its dealers and fleet owners that protective shields needed to be installed in CVPIs in order to protect the fuel tank from puncturing during rear-end collisions. Ford was awarded a patent on its Fire Suppression System in April of 2007.

Mr. Lakin further states that although the Fire Suppression System was first offered as an option on the 2005 CVPI, through dealers including Statewide, neither the Kevlar trunk pack nor the Fire Suppression System was offered as standard equipment on the CVPI. He averred that the information regarding the fuel tank fires and the products developed to address the problem were known to Statewide prior to selling the CVPI that Officer Brentar was driving at the time of

his death, yet Statewide failed to warn its purchasers of such risk or of the products available to protect its end users from danger.

In their brief in opposition to the plaintiffs' motion to remand the defendants argue that the plaintiffs have not, and indeed cannot, state a valid cause of action against Statewide, in light of the fact that they have not specified what alleged representation was made about the CVPI, and to whom it was made, or that any actions were taken in reliance upon the representation. Defendants also contend that plaintiffs have not sufficiently asserted an independent act of negligence against Statewide.

In support of their arguments, the defendants offer the affidavit of Mr. Al Matarese, Statewide's Fleet Manager since 2003, who is familiar with the bidding/purchasing process mandated by Ohio law when government agencies purchase police vehicles. Mr. Matarese outlined that procedure which ultimately "awards the state contract for a particular type of police vehicle to the lowest responsible bidder for that vehicle[.]" Critical to the defendants' assertion that no representations were made about the safety of the CVPI, Mr. Matarese stated:

> 11. It is Statewide's standard practice not to make any statements or representations regarding the design or performance of CVPI vehicles, including the components and systems of CVPI vehicles, to government agencies. If Statewide receives a question about the design or performance of CVPI vehicles, or any individual components or systems of CVPI vehicles, it refers the government agency to Ford Motor Company.

Mr. Matarese provided documents pertinent to the sale of the CVPI in these proceedings, stating that they "do not include any statements or representations by Statewide to the City of Euclid, George Brentar, or any body else regarding the design or performance of the [CVPI], or any components or systems of the [CVPI]." As for any oral statements in that regard, he further avers

that as the fleet manager, he "would have been the person communicating with the City of Euclid regarding Statewide's sale of the [CVPI][,]" but that he did not recall having any such conversations.

In this Court's opinion, Mr. Matarese's representation that he did not recall having such a conversation, when read in conjunction with the procedure mandated by Ohio law to be employed by governmental agencies purchasing police vehicles, is not definitive evidence that the plaintiffs are prevented "from ever establishing" the requisite elements necessary to succeed on a negligence claim, as the possibility exists that the procedure was not adhered to in this case, or that Mr. Matarese's credibility could be contested by evidence put forth by the plaintiffs. It being this federal court's task to only assess whether there is some possibility that the plaintiffs could have a claim against Statewide under state law, and not whether or not a claim actually exists, the latter being a question more properly submitted to the court with subject matter jurisdiction, Mr. Matarese's affidavit testimony is unconvincing.

This Court believes that the defendants' repeated assertions that Statewide did not make any representations pertaining to the safety of the CVPI serves to bolster the plaintiffs' allegations that such failure to inform customers of the known dangers constitutes negligence on the part of Statewide.

The defendants' citation to Your Honor's opinion in <u>King v. Centerpulse Orthopedics, Inc.</u>, <u>supra</u>, is similarly unconvincing. That case involved product liability claims against a company as a supplier under the OPLA. The case had been removed from state court to federal court by the seven named defendants on the basis of diversity jurisdiction, the defendants having argued that two of them, including the one identified as a "supplier," were fraudulently joined. In denying the

plaintiff's motion to remand, Your Honor noted that the complaint provided no details indicating how the supplier "negligently and carelessly sold the knee replacement systems," which resulted in harm to the plaintiff. The vendor's duty to the plaintiff was set forth as:

> With regard to the legal duty that Intermedics owed to King, Ohio case law explains that a "vendor is negligent when he has knowledge of a latent defect rendering a product unsafe and fails to provide a warning of such defect." *Brown v. McDonald's Corp.,* 101 Ohio App. 3d 294, 655 N.E.2d 440, 445 (Ct.App. Ohio 1995). If the supplier "neither knows nor has reason to know that [the product sold] is, or is likely to be, dangerous, [then the supplier] is not liable in an action for negligence for harm caused by the dangerous character or condition of the [product] because of his failure to discover the danger by an inspection or test of the [product] before selling it." *Id*. In other words, a supplier can only be liable for negligence in a product liability case if it knew or had reason to know of the product defect.

2006 U.S.Dist LEXIS at *11-12. In King, the plaintiff failed to "even *allege* that [the supplier] had any reason to know that her knee implants were in any way defective." Id. at *12. Beyond that, however, was the critical failure to include with the evidence submitted by the parties any support for that missing allegation. Id. at 12 ("Further, the evidence submitted by the parties provides no support for King's missing allegation.")

In contrast to the foregoing, in the present case the affidavit of Mr. Lakin provides a detailed history, with supporting documentation, of the safety problems with the CVPI, as well as the measures taken to address the problems, and the fact that Ford's dealers and fleet owners were informed of the problems and of the products developed to address those problems, but that Statewide took no action in light thereof.

It is the opinion of this Court that in looking beyond the pleadings "to undertake a limited examination of the jurisdictional evidence," as Your Honor did in the King case, there has been a sufficient showing by the plaintiffs herein that they have a colorable claim against Statewide, and

a contrary failure on the part of defendants to demonstrate fraudulent joinder. This being so, remand to the state court is called for, by virtue of which this federal court lacks jurisdiction to rule upon the defendants' motion to dismiss.

It is recommended that plaintiffs' motion to remand be granted, and that ruling upon defendants' motion to dismiss be deferred to the Common Pleas Court of Cuyahoga County.


                                                   s/DAVID S. PERELMAN
                                                   United States Magistrate Judge


DATE:    March 11, 2010


### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).